E-FILED  2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

**IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY**

| | | |
|---|---|---|
| **MICHELLE CONKLING,** | * | Case No. _____ |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **ORIGINAL NOTICE** |
| **SUNDANCE TOPCO LLC,** | * | |
| **SUNDANCE MANAGEMENT LLC,** | * | |
| **HEARTLAND VERTERINARY** | * | |
| **PARTNERS, LLC and CHRISTOPHER** | * | |
| **MERCIER, Individually and in his** | * | |
| **Corporate Capacities,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the Clerk of the above court a Petition in the above-entitled action, a copy of which is attached hereto (along with copies of any documents filed with it). The Plaintiff's attorneys are Melissa C. Hasso and Emily E. Wilson of the law firm of Sherinian, Hasso & Wilson Law Firm, whose address is 111 E. Grand Ave., Suite 212, Des Moines, Iowa 50309, and whose phone number is 515-224-2079.

This case has been filed in a county that utilizes electronic filing.  General rules and information on electronic filing are contained in Iowa Court Rules Chapter 16.  Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI.  You must serve a motion or answer within 20 days after service of this Original Notice upon you by using the Iowa Judicial Branch Electronic Document Management System (EDMS) at www.iowacourts.state.ia.us/efile, unless you obtain from the court an exemption from electronic filing requirements.  If you do not file your appearance, motion or answer within 20 days from the date you are served with this Original Notice, judgment by default will be rendered against you for the relief demanded in the application.

Polk County Clerk of Court
110 6th Ave.
Des Moines, IA 50003
(515) 561-5718

NOTE: The attorney who is expected to represent the Defendant should promptly advise Plaintiff of this notice. If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA Coordinator at 515-286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

EXHIBIT A

E-FILED  2024 OCT 30 4:17 PM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACL160517**

*County*  **Polk**

*Case Title*   MICHELLE CONKLING VS SUNDANCE TOPCO LLC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **10/30/2024 04:17:04 PM**



*District Clerk of Court or/by Clerk's Designee of*  Polk          *County*

**/s/ Andrea Hernandez**

E-FILED 2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | | |
|---|---|---|
| **MICHELLE CONKLING,** | * | Case No. _____ |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | |
| | * | **PETITION AT LAW** |
| **SUNDANCE TOPCO LLC,** | * | **AND JURY DEMAND** |
| **SUNDANCE MANAGEMENT LLC,** | * | |
| **HEARTLAND VETERINARY** | * | |
| **PARTNERS, LLC and CHRISTOPHER** | * | |
| **MERCIER, Individually and in his** | * | |
| **Corporate Capacities,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

**COMES NOW** the Plaintiff, Michelle Conkling, by and through her undersigned counsel, and for her cause of action against Defendants Sundance Topco LLC, Sundance Management LLC, Heartland Veterinary Partners, LLC and Christopher Mercier, Individually and in his Corporate Capacities, states as follows:

## PARTIES, VENUE & JURISDICTION

1.      Plaintiff Michelle Conkling ("Conkling") is and was at all times material hereto a citizen and resident of Des Moines, Polk County, Iowa.

2.      Defendant Heartland Veterinary Partners, LLC ("Heartland") is a Delaware corporation headquartered in Chicago, Illinois, and is authorized to do business in Iowa.

3.      Sundance Topco LLC is a Delaware limited liability company.

4.      Heartland is a subsidiary of and/or an entity otherwise affiliated with Defendant Sundance Topco LLC.

5.      Defendant Sundance Management LLC is a Delaware limited liability company.

E-FILED  2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

6.      Heartland is a subsidiary of and/or an entity affiliated with Defendant Sundance Management LLC.

7.      Defendant Christopher Mercier ("Mercier") is a supervisory or managerial employee of Heartland who personally participated in the unlawful actions described herein.

8.      Upon information and belief, Mercier is a resident of the State of Illinois.

9.      The unlawful actions described herein occurred in Des Moines, Polk County, Iowa.

10.     The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Polk County.

## CONDITIONS PRECEDENT

11.     Within 300 days of the last act of discrimination, Plaintiff filed a charge of discrimination and retaliation against Defendants Heartland Veterinary Partners and Mercier with the Iowa Civil Rights Commission, which was cross-filed with the Equal Employment Opportunities Commission.  A copy of said charge is attached hereto as Exhibit A and its contents are incorporated as if fully set forth herein.

12.     On August 1, 2024 the Iowa Civil Rights Commission issued an Administrative Release (letter of right-to-sue) to Plaintiff, a copy of which is attached hereto as Exhibit B.

13.     Plaintiff has requested but not yet received her Administrative Release (letter of right-to-sue) from the EEOC.

14.     Plaintiff has complied with all conditions precedent to the filing of this cause of action.

### COUNT I:  SEX DISCRIMINATION
**The Iowa Civil Rights Act**
**Iowa Code Chapter 216**
**(Conkling v. Heartland Veterinary Partners LLC and Christopher Mercier)**

15.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

E-FILED 2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

16.    Conkling was employed with Heartland from January 2020 through December 11, 2023 as a Director of Business Development.

17.    At all times material hereto, Mercier was Heartland's Chief Development Officer.

18.    Conkling is a woman.

19.    During Conkling's employment with Heartland, there were five women (including Conkling) and three men who worked as Directors of Business Development, all of whom reported to Mercier.

20.    Conkling was assigned a sales territory that included the state of Iowa and surrounding states.

21.    Throughout Conkling's employment with Heartland, Mercier treated the male Directors of Business Development more favorably than Conkling and her female colleagues.

22.    For example, Mercier treated the males more favorably in scrutinizing and approving sales proposals and in territory assignments.

23.    Mercier also often made derogatory and/or sexist remarks to and about women in Conkling's presence.

24.    From late 2023 into early 2024, Defendants terminated three of the eight Directors of Business Development.

25.    All of the Directors of Business Development whom Defendants terminated from late 2023 into early 2024 were women.

26.    On December 11, 2023, Defendants notified Conkling that she was terminated because she was "no longer the right fit for the team."

27.    Conkling received no disciplinary or performance warnings during her employment with Defendants.

E-FILED 2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

28.     Defendants are employers and/or persons covered by the Iowa Civil Rights Act.

29.     Defendants treated Conkling differently and less favorably than the male Directors of Business Development because of her sex.

30.     Conkling's sex was a factor in her termination.

31.     Defendants' actions constituted unlawful sex discrimination under the Iowa Civil Rights Act, Iowa Code Chapter 216.

32.     As a proximate cause of Defendants' illegal actions, Conkling has been damaged.

**WHEREFORE,** Plaintiff Michelle Conkling respectfully prays that this Court enter judgment against Defendants Heartland Veterinary Partners, LLC, and Christopher Mercier, Individually and in his Corporate Capacities, and award damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT II:  SEX DISCRIMINATION
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. 2000(*e*) *et. seq.***
**(Conkling v. Heartland Veterinary Partners, LLC)**

33.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

34.     Heartland is an employer under Title VII of the Civil Rights Act of 1964.

35.     Heartland's actions constituted unlawful sex discrimination under Title VII of the Civil Rights Act of 1964.

36.     As a proximate cause of Defendant's illegal actions, Conkling has been damaged.

37.     Defendant acted with malice or reckless indifference to Conkling's rights and she is therefore entitled to punitive damages.

E-FILED  2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

**WHEREFORE,** Plaintiff Michelle Conkling respectfully prays that this Court enter judgment against Defendant Heartland Veterinary Partners, LLC and award damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT III:  RETALIATION
**The Iowa Civil Rights Act**
**Iowa Code Chapter 216**
**(Conkling v. Heartland Veterinary Partners LLC and Christopher Mercier)**

38.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

39.    As a benefit of her employment with Heartland, Conkling entered into two "Management Incentive Unit Agreements" ("MIU Agreements"), one with Defendant Sundance Topco LLC and another with Defendant Sundance Management LLC.

40.    Under the MIU Agreements, Sundance Topco LLC and Sundance Management LLC each issued to Conkling 336.03 MIUs which would vest based on Conkling's continued employment.

41.    Under the MIU Agreements, the fair market value of Conkling's vested MIUs would be paid to her upon the termination of her employment, unless she had engaged in a "competitive activity" or was terminated "for cause."

42.    Conkling had not engaged in competitive activity.

43.    Defendants did not terminate Conkling for engaging in competitive activity.

44.    Conkling did not engage in any activities or conduct that constituted termination "for cause," as the term is defined in Defendants' MIU Agreement documents that applied to Conkling.

45.    Defendants did not terminate Conkling "for cause."

E-FILED 2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

46.     During Conkling's termination discussions on or around December 11, 2023, Defendants notified Conkling that they would be issuing payment to Conkling for what Defendants claimed was the value of her vested MIUs.

47.     On or about December 29, 2023, before Defendants made any payment to Conkling for her vested MIUs, Conkling complained to Defendants of sex discrimination through a letter from her legal representative.

48.     After receiving Conkling's discrimination complaint, Defendants refused to pay Conkling for her vested MIUs.

49.     After receiving Conkling's discrimination complaint, Defendants claimed, for the first time, that Conkling's termination was "for cause."

50.     Defendants revoked their payment to Conkling for her vested MIUs in retaliation for her complaint of sex discrimination.

51.     Defendants reclassified Conkling's termination as a "for cause" termination in retaliation for her complaint of sex discrimination.

52.     Defendants' retaliatory actions violated the Iowa Civil Rights Act, Iowa Code Chapter 216.

53.      As a proximate cause of Defendants' illegal actions, Conkling has been damaged.

**WHEREFORE,** Plaintiff Michelle Conkling respectfully prays that this Court enter judgment against Defendants Heartland Veterinary Partners, LLC, and Christopher Mercier, Individually and in his Corporate Capacities, and award damages, including damages for emotional distress, mental anguish, compensatory relief, and reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

**COUNT IV:  RETALIATION**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. 2000(*e*) *et. seq.***
**(Conkling v. Heartland Veterinary Partners, LLC)**

54.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

55.    Defendant's revocation of its payment to Conkling for her vested shares because she complained of sex discrimination constituted unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964.

56.    Defendants' reclassification of Conkling's termination as a "for cause" termination because she complained of sex discrimination constituted unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964.

57.     As a proximate cause of Defendant's illegal actions, Conkling has been damaged.

58.    Defendant acted with malice or reckless indifference to Conkling's rights and she is therefore entitled to punitive damages.

**WHEREFORE,** Plaintiff Michelle Conkling respectfully prays that this Court enter judgment against Defendant Heartland Veterinary Partners, LLC and award damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

**COUNT V:  BREACH OF CONTRACT**
**Conkling's Agreement with Sundance Topco LLC**
**(Conkling v. Sundance Topco LLC and Heartland Veterinary Partners LLC)**

59.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

60.    On February 27, 2020, Conkling entered into a written MIU Agreement with Defendant Sundance Topco LLC.

61.    Under the terms of Conkling's MIU Agreement with Sundance Topco LLC, Conkling was issued 336.03 Management Incentive Units of Sundance Topco LLC.

62.    Under the terms of Conkling's MIU Agreement with Sundance Topco LLC, if Conkling were to cease employment with Defendants, all unvested MIUs held by Conkling would automatically expire, and Conkling's vested MIUs would be "subject to repurchase by the Company and/or certain of its members at fair market value" unless Conkling were terminated "for cause" or had "engaged in a 'competitive activity.'"

63.    Conkling did not engage in a "competitive activity."

64.    Under the Sundance Topco LLC Agreement, "termination for cause" means one or more of the following:

    a.    A material breach of any agreement between the parties;

    b.    Commission of, a guilty or nolo contendere plea to, or confession of guilt of, a felony;

    c.    Fraudulent, dishonest or illegal conduct in the performance of services for or on behalf of any member of the Company Group or any other conduct in violation of the policies of any member of the Company Group as determined by the Board in good faith, regardless of whether such conduct is within the scope of such person's duties;

    d.    Embezzlement, misappropriation of funds or fraud, whether or not related to such person's employment with any member of the Company Group;

    e.    Engagement in conduct involving an act of moral turpitude;

    f.    Gross negligence, willful misconduct or failure to comply with directions of the Board;

E-FILED  2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

g.   Failure to perform in any respect substantially his or her obligations and duties to any member of the Company Group;

h.   Reporting to work under the influence of alcohol or illegal drugs, the use of illegal drugs (whether or not at the workplace) or other conduct causing any member of the Company Group substantial public disgrace or disrepute or economic harm;

i.   Engagement in any sexual relations, romantic relationship or any other inappropriate social interactions with any employee of any member of the Company Group, or

j.   A breach of the duty of loyalty to any member of the Company Group.

65.   Conkling was not terminated for a material breach of any agreement.

66.   Conkling was not terminated due to a felony.

67.   Conkling was not terminated for fraudulent, dishonest or illegal conduct in the performance of her job.

68.   Conkling was not terminated for embezzlement, misappropriation of funds or fraud.

69.   Conkling was not terminated for engaging in an act of moral turpitude.

70.   Conkling was not terminated for gross negligence, willful misconduct or failure to comply with directions of the Board.

71.   Conkling was not terminated for failing to perform substantially her obligations and duties to in her job.

72.   Conkling was not terminated for reporting to work under the influence of alcohol or illegal drugs, using illegal drugs, or causing her Heartland or any other Defendant substantial public disgrace or disrepute or economic harm.

73.     Conkling was not terminated for engaging in sexual relations, a romantic relationship or any other inappropriate social interactions.

74.     Conkling was not terminated for breaching a duty of loyalty.

75.     Rather, the termination reason given to Conkling was that she was "no longer a good fit for the team."

76.     Conkling received no disciplinary warnings prior to her termination.

77.     Conkling was never informed that she had violated any company policy.

78.     Conkling was entitled to payment of the fair market value of the vested portion of her 336.03 MIUs with Sundance Topco LLC upon her termination pursuant to the Agreement between the parties.

79.     Defendants failed to pay to Conkling the fair market value of the vested portion of her 336.03 MIUs with Sundance Topco LLC upon her termination.

80.     Defendant Sundance Topco LLC breached its contract with Conkling in failing to pay to her the fair market value of the vested portion of her 336.03 MIUs with Sundance Topco LLC upon her termination.

81.     Defendant Heartland promised Conkling she would be paid the fair market value of her vested Sundance Topco LLC MIUs at or around the time of her termination.

82.     Defendant Heartland breached its agreement with Conkling by failing to pay to her the fair market value of her vested Sundance Topco LLC MIUs.

83.     Conkling has suffered damages caused by Defendants' breaches of their Agreements with Conkling.

    **WHEREFORE,** Plaintiff Michelle Conkling respectfully prays that this Court enter judgment against Defendants Sundance Topco LLC and Heartland Veterinary Partners, LLC, and

E-FILED  2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

award damages, including payment of the fair market value of all of her vested Management Incentive Units with Sundance Topco LLC, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT VI:  BREACH OF CONTRACT
### Conkling's Agreement with Sundance Management LLC
### (Conkling v. Sundance Management LLC and Heartland Veterinary Partners LLC)

84.     Plaintiff repleads the allegations set forth above as if fully set forth herein.

85.     On February 6, 2020, Conkling entered into a written MIU Agreement with Sundance Management LLC.

86.     Under the terms of Conkling's MIU Agreement with Sundance Management LLC, Conkling was issued 336.03 Management Incentive Units of Sundance Management LLC.

87.     Under the terms of Conkling's Agreement with Sundance Management LLC, if Conkling were to cease employment with Defendants, all unvested MIUs held by Conkling would automatically expire, and Conkling's vested MIUs would be "subject to repurchase by the Company and/or certain of its members at fair market value" unless Conkling were terminated "for cause" or had "engaged in a 'competitive activity.'"

88.     Conkling did not engage in a "competitive activity."

89.     Under the Sundance Management LLC Agreement, "termination for cause" means one or more of the following:

> a.   A material breach of any agreement between the parties;
>
> b.   Commission of, a guilty or nolo contendere plea to, or confession of guilt of, a felony;
>
> c.   Fraudulent, dishonest or illegal conduct in the performance of services for or on behalf of any member of the Company Group or any other conduct in

E-FILED 2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

violation of the policies of any member of the Company Group as determined by the Board in good faith, regardless of whether such conduct is within the scope of such person's duties;

d.  Embezzlement, misappropriation of funds or fraud, whether or not related to such person's employment with any member of the Company Group;

e.  Engagement in conduct involving an act of moral turpitude;

f.  Gross negligence, willful misconduct or failure to comply with directions of the Board;

g.  Failure to perform in any respect substantially his or her obligations and duties to any member of the Company Group;

h.  Reporting to work under the influence of alcohol or illegal drugs, the use of illegal drugs (whether or not at the workplace) or other conduct causing any member of the Company Group substantial public disgrace or disrepute or economic harm;

i.  Engagement in any sexual relations, romantic relationship or any other inappropriate social interactions with any employee of any member of the Company Group, or

j.  A breach of the duty of loyalty to any member of the Company Group.

90.  Conkling was entitled to payment of the fair market value of the vested portion of her 336.03 MIUs with Sundance Management LLC upon her termination pursuant to the Agreement between the parties.

91.  Defendants failed to pay to Conkling the fair market value of the vested portion of her 336.03 MIUs with Sundance Management upon her termination.

92.    Defendant Sundance Management LLC breached its contract with Conkling in failing to pay to her the fair market value of the vested portion of her 336.03 MIUs with Sundance Management LLC upon her termination.

93.    Defendant Heartland promised Conkling she would be paid the fair market value of her vested Sundance Management LLC MIUs at or around the time of her termination.

94.    Defendant Heartland breached its agreement with Conkling by failing to ensure she was paid the fair market value of her vested Sundance Management LLC MIUs.

95.    Conkling has suffered damages caused by Defendants' breaches of their Agreements with Conkling.

   **WHEREFORE,** Plaintiff Michelle Conkling respectfully prays that this Court enter judgment against Defendants Sundance Management LLC and Heartland Veterinary Partners, LLC, and award damages, including payment of the fair market value of all of her vested Management Incentive Units with Sundance Management LLC, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT VII:  TORTIOUS INTERFERENCE WITH A CONTRACT
#### Conkling's Agreement with Sundance Topco LLC
**(Conkling v. Heartland Veterinary Partners LLC and Christopher Mercier)**

96.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

97.    Conkling had a written Agreement with Sundance Topco LLC, executed on February 27, 2020, which provided that Conkling was entitled to payment of the fair market value of the vested portion of her 336.03 MIUs with Sundance Topco LLC upon her termination, unless she had engaged in "competitive activity" or was terminated "for cause."

E-FILED  2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

98.    Heartland knew Conkling had an MIU Agreement with Sundance Topco LLC under which Conkling was to be paid the fair market value of her vested Sundance Topco LLC MIUs.

99.    Mercier knew Conkling had an MIU Agreement with Sundance Topco LLC under which Conkling was to be paid the fair market value of her vested Sundance Topco LLC MIUs.

100.    Heartland knew Conkling was not terminated for engaging in "competitive activity."

101.    Mercier knew Conkling was not terminated for engaging in "competitive activity."

102.    Heartland knew Conkling was not terminated "for cause."

103.    Mercier knew Conkling was not terminated "for cause."

104.    Heartland intentionally and improperly interfered with Conkling's Agreement with Sundance Topco LLC by taking affirmative steps to ensure that Sundance Topco LLC would not pay to Conkling the fair market value of her vested MIUs.

105.    Mercier intentionally and improperly interfered with Conkling's Agreement with Sundance Topco LLC by taking affirmative steps to ensure that Sundance Topco LLC would not pay to Conkling the fair market value of her vested MIUs.

106.    Defendants' interference caused Sundance Topco LLC not to perform under its Agreement with Conkling, in that it did not pay to Conkling the fair market value of her shares as the Agreement required.

107.    As a result of Defendants' interference, Conkling has been damaged.

108.    Defendants acted with actual or legal malice.

109.    Defendants acted with willful and wanton disregard for Conkling's rights in interfering with her contract with Sundance Topco LLC.

**WHEREFORE** Plaintiff Michelle Conkling respectfully prays that this Court enter judgment against Defendants Heartland Veterinary Partners LLC, and Christopher Mercier, Individually and in his Corporate Capacities, and award damages, including damages for emotional distress, mental anguish, compensatory relief, and punitive damages, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT VIII: TORTIOUS INTERFERENCE WITH A CONTRACT
### Conkling's Agreement with Sundance Management LLC
### (Conkling v. Heartland Veterinary Partners LLC and Christopher Mercier)

110.    Plaintiff repleads the allegations set forth above as if fully set forth herein.

111.    Conkling had a written Agreement with Sundance Management LLC, executed on February 6, 2020, which provided that Conkling was entitled to payment of the fair market value of the vested portion of her 336.03 MIUs with Sundance Management LLC upon her termination, unless she had engaged in "competitive activity" or was terminated "for cause."

112.    Heartland knew Conkling had an MIU Agreement with Sundance Management LLC under which Conkling was to be paid the fair market value of her vested Sundance Management LLC MIUs.

113.    Mercier knew Conkling had an MIU Agreement with Sundance Management LLC under which Conkling was to be paid the fair market value of her vested Sundance Management LLC MIUs.

114.    Heartland intentionally and improperly interfered with Conkling's Agreement with Sundance Management LLC by taking affirmative steps to ensure that Sundance Management LLC would not pay to Conkling the fair market value of her vested MIUs.

115.    Mercier intentionally and improperly interfered with Conkling's Agreement with Sundance Management LLC by taking affirmative steps to ensure that Sundance Management LLC would not pay to Conkling the fair market value of her vested MIUs.

116.    Defendants' interference caused Sundance Management LLC not to perform under its Agreement with Conkling, in that it did not pay to Conkling the fair market value of her shares as the Agreement required.

117.    As a result of Defendants' interference, Conkling has been damaged.

118.    Defendants acted with actual or legal malice.

119.    Defendants acted with willful and wanton disregard for Conkling's rights in interfering with her contract with Sundance Management LLC.

 **WHEREFORE** Plaintiff Michelle Conkling respectfully prays that this Court enter judgment against Defendants Heartland Veterinary Partners LLC, and Christopher Mercier, Individually and in his Corporate Capacities, and award damages, including damages for emotional distress, mental anguish, compensatory relief, and punitive damages, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests trial by jury in this matter.


Respectfully Submitted,

By: /s/ Melissa C. Hasso
Melissa C. Hasso  AT0009833
By: /s/ Emily E. Wilson
Emily E. Wilson AT0013860
SHERINIAN, HASSO & WILSON LAW FIRM
111 E. Grand Ave., Suite 212
Des Moines, IA 50309

E-FILED  2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

Telephone:  (515) 224-2079
Facsimile:  (515) 224-2321
Email:  mhasso@sherinianlaw.com
       ewilson@sherinianlaw.com
ATTORNEYS FOR PLAINTIFFS

17

# IOWA CIVIL RIGHTS COMMISSION COMPLAINT FORM

515-281-4121 / 800-457-4416 / Fax: 515-242-5840 / https://icrc.iowa.gov

(AGENCY USE ONLY)

ICRC CP# __02-24-81470__

Local Commission# _____

EEOC# __26A-2024-00525__

Iowa Civil Rights Commission
6200 Park Ave Ste 100
Des Moines, Iowa 50321-1270

(PLEASE TYPE OR PRINT LEGIBLY)

## SECTION 1 • COMPLAINANT INFORMATION

Your legal name: ____Michelle Conkling_____

Your preferred name: _____Michelle_____

Your mailing address: ____█████████_____

City: __Des Moines_____ State: _____IA_____ Zip Code: _____50321_____

Telephone #: __█████████____ Email address: _michellelynnconkling@gmail.com

Your date of birth: __█████████____ Your pronouns: ___her___/___she__/_____

Have you previously filed this complaint with any other federal, state, or local anti-discrimination agency? ☐ Yes   ☒ No

If yes, what agency? _____ When? _____

## SECTION 2 • DISCRIMINATION INFORMATION

**1. Please indicate the AREA(S) in which the discrimination occurred.**

**X** Employment          ☐ Public Accommodation          ☐ Housing

☐ Education          ☐ Credit          **X** Retaliation

RECEIVED

**2. Please indicate the ACTION(S) that the organization took against you.**

MAR - 6 2024   (227)pm

**Employment**
☐ Demotion
☐ Denied Accommodation
☐ Denied Benefits
☐ Discipline
☐ Failure to Hire
☐ Failure to Promote
☐ Failure to Recall
☐ Failure to Train
☐ Forced to Quit/Retire
☐ Harassment
☐ Layoff
☐ Reduced Hours
☐ Reduced Pay
☐ Suspension
**X** Termination
☐ Undesirable Assignment/Transfer
**X** Unequal Pay

**Public Accommodation**
☐ Denied Accommodation
☐ Denied Service

IOWA CIVIL RIGHTS
COMMISSION

**Housing**
☐ Denied Accommodation or Modification
☐ Eviction
☐ Failure to Rent
☐ Harassment

**Education**
☐ Denied Accommodation
☐ Harassment

**Credit**
☐ Denied Accommodation
☐ Denied Financial Services/Credit

☐ Other: _____

EXHIBIT
4

3. Please indicate the **BASIS(ES)** or reasons for the discrimination.

   a. Do you believe you were discriminated against because of your race (circle one)?   Yes  **No**

     If yes, what is your race? _____

   b. Do you believe you were discriminated against because of your skin color?   Yes  **No**

     If yes, what is your skin color? _____

   c. Do you believe you were discriminated against because of your national origin?   Yes  **No**

     If yes, what is your national origin? _____

   d. Do you believe you were discriminated against because of your sex?   **Yes**  No

     If yes, what is your sex? _____Female_____

   e. Do you believe you were discriminated against because of your sexual orientation?   Yes  **No**

     If yes, what is your sexual orientation? _____

   f. Do you believe you were discriminated against because of your gender identity?   Yes  **No**

     If yes, what gender do you identify as? _____

   g. Do you believe you were discriminated against because of a disability?   Yes  **No**

     If yes, what is your real or perceived disability? _____

   h. Do you believe you were discriminated against because of your religion or creed?   Yes  **No**

     If yes, what is your religion or creed? _____

   i. Do you believe you were discriminated against because of your pregnancy or
     pregnancy related condition?   Yes  No

   j. If your complaint involves employment or credit, do you believe you were
     discriminated against because of your age? **NA**

     If yes, do you believe you were discriminated because you are older or because you
     are younger? _____

   k. If your complaint involves housing or credit, do you believe you were discriminated
     against based on your familial status? **NA**   Yes  No

     If yes, how many children live with you? _____

   l. If your complaint involves credit, do you believe you were discriminated against
     based on your marital status? **NA**   Yes  No

     If yes, what is your marital status? _____

   m. Do you believe you were retaliated against because you reported discrimination to someone
     within the organization, filed a complaint with the ICRC, or participated as a witness in an
     anti-discrimination agency proceeding?
     _____Yes_____

     If yes, what did you report or complain about, and to whom?
     I complained to my employer that my termination was discriminatory based on my sex
     through a letter from my attorney following my termination.

RECEIVED
MAR - 6 2024
1227 pm
IOWA CIVIL RIGHTS
COMMISSION

State what happened to you as a result of your report or complaint.

Upon my termination, my employer offered me payment for my ownership units in the company. The company withdrew this offer upon receiving my complaint, through my attorney, that my termination was discriminatory.

4. What was the date (month/day/year) of the MOST RECENT discriminatory incident? (REQUIRED): January 11, 2024

5. If Employment is the Area, what is your hire date or application date? January 13, 2020

6. Are you still employed by the organization that discriminated against you? ☐ Yes ☒ No

If no, when did your employment end? _____ December 11, 2023 _____ (month, day, year)

If no, how did your employment end?

☒ Terminated        ☐ Voluntary Quit        ☐ Forced to Quit/Retire

---------------------SECTION 3 • RESPONDENT INFORMATION---------------------

7. What is the full legal name of the organization that discriminated against you?
[This organization will be charged with discrimination and given a copy of your complaint.]

_____ Heartland Veterinary Partners LLC _____

Address: _____ 10 S. La Salle St., Suite 2120 _____

City: __ Chicago __ County: __ Cook __ State: __ Ill __

Zip Code: __ 60603 __ Telephone #: (312)-261-5550 _____

8. If the organization listed in #7 has a parent organization or corporate office, list it here.
[This organization will also be charged with discrimination and given a copy of your complaint.]

_____

Address: _____

City: _____ State: _____

Zip Code: _____ Telephone #: (_____) _____ - _____

If more than two respondents, please list additional organization or individual respondents, including name, job title, and address, on an attached piece of paper. The additional organizations/individual respondents will also receive a copy of the complaint.

9. Provide the address of the location where the discrimination occurred:

_____ 3605 Wolcott Avenue, Des Moines, IA 50321 _____

MAR - 6 2024   1227 pm

10. Were you placed by a temporary firm agency at the organization that discriminated against you?
[If the answer is yes and you wish to file a complaint against the temporary staffing firm you will need to file a separate complaint form naming that firm.

☐ Yes  ☒ No

IOWA CIVIL RIGHTS COMMISSION

11. If Employment is the Area, indicate approximate number of ALL employees (full-time and part-time) at ALL employer locations nationwide (REQUIRED):

☐ 4-14   ☐ 15-19   ☐ 20-100   ☐ 101-200   ☐ 201-500   ☒ 500+

3

-------------------------SECTION 4 • BRIEF SUMMARY OF ALLEGATIONS-------------------

Please describe what happened to you. State how you were discriminated against. What happened?
When did it happen? Be sure to address each Action you checked on page one and each Basis you
addressed on page two. *[Please read the instruction sheet before writing your brief summary.]*

I served as a Director of Business Development for Heartland Veterinary Partners LLC from
January 20, 2020, to December 11, 2023. In that role I recruited veterinary clinics to become
partners in our organization by entering into agreements in which Heartland would purchase the
clinic. Including me, there were five women and three men who held this position, each assigned to
a certain territory throughout the country. My territory included Iowa in addition to other nearby
states. Our immediate supervisor was Christopher Mercier, male, the Chief Development Officer.

Starting in the fall of 2023 and into early 2024, Mr. Mercier terminated three of the female directors,
including me. He did not terminate any of the male directors. When I and the other two women
were terminated, Mr. Mercier gave most of our territories to the men.

Throughout my time with the company, Mr. Mercier demonstrated his bias for men and against
women in many ways. For example, in evaluating veterinary clinic purchase proposals, Mr. Mercier
(who had the ultimate decision-making authority as to whether a particular proposal could be
offered to a clinic) examined the proposals submitted by female directors with more scrutiny and
asked more questions than he did with the male directors' proposals. He also rejected the female
directors' proposals more frequently compared to the men's proposals. Additionally, during
meetings Mr. Mercier often made derogatory and sexist remarks toward female directors, such as
calling us "flighty," "unprepared," "unengaged," and "incompetent," but did not use such terms
toward the male directors and treated them with respect. In discussing contract proposals, he
looked up pictures of the female veterinarians online and made inappropriate comments about their
appearance. He also made negative remarks about female veterinarians whose husbands managed
their clinics.

At the time of my termination, I was told that I was terminated because I was "no longer the right
fit for the team." I was not told that my performance was lacking or that I would be terminated if I
did not close more transactions.

At the time of my termination, Heartland informed me that I had vested ownership units valued at
$91,534.26 and that it would be purchasing these units and depositing $91,534.26, subject to
taxes, into my account via direct deposit on or before January 6, 2024. On December 29, 2023, my
attorneys sent a letter to Heartland outlining my complaint that my termination was discriminatory
based on sex. The company then changed my termination reason to "for cause" and refused to pay
me the value of my vested interest unless I waived my discrimination claims, which I declined to do.
I have still not been paid the fair market value of my ownership units.

I believe that my sex was a factor in my termination. I also believe Heartland retaliated against me
for complaining that my termination was discriminatory. I further believe I was paid less than one
or more male directors because of my sex.

5

E-FILED  2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

I certify under penalty of perjury and pursuant to the laws of the State of Iowa and the laws of the
United States of America that the preceding charge is true and correct.

X *Michelle Conkling*                                               06/03/2024
Michelle Conkling (Mar 6, 2024 11:41 CST)

**Signature of Complainant (REQUIRED)**                            **Date**

> It is not necessary that you provide any additional documentation at this time. Be aware that any additional
> documentation provided with your complaint form will be sent out to all named parties along with this
> form. An opportunity to provide additional documentation will be given at a later time if/when the
> complaint is accepted by the ICRC.

RECEIVED

MAR - 6 2024
12:27 pm
IOWA CIVIL RIGHTS
COMMISSION

6

E-FILED 2024 OCT 30 11:43 AM POLK - CLERK OF DISTRICT COURT

**12.** The individual who discriminated against me is the following:

Christopher Mercier
Chief Development Officer
10 S. La Salle St., Suite 2120
Chicago, Ill 60603
312-261-5550

I am naming Mr. Mercier as a Respondent in this complaint.

RECEIVED

MAR - 6 2024
1227 P
IOWA CIVIL RIGHTS
COMMISSION

4

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
| --- | --- | --- |
| | ) | |
| MICHELLE CONKLING | ) | Iowa Civil Rights Commission |
| 3605 WOLCOTT AVE | ) | 6200 Park Avenue |
| DES MOINES, IA 50321 | ) | Suite 100 |
| | ) | Des Moines, Iowa 50321-1270 |
| Complaint CP# 02-24-81470   EEOC# 26A-2024-00525 | | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, **8/1/2024**. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc:  File
 MELISSA HASSO, Complainant's Attorney
 JESSICA PETROVSKI, Respondent's Attorney
 HEARTLAND VETERINARY PARTNERS LLC
 CHRISTOPHER MERCIER


EXHIBIT
B